UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-121-JPH-DML -01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ORLANDO RICHARD BANKS, JR. | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cr-00121-JPH-DML |
| | ) |
| ORLANDO RICHARD BANKS, JR., | ) -01 |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant Orlando Richard Banks, Jr., has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 46. Mr. Banks seeks immediate release from incarceration, or, in the alternative, to serve the remainder of his custodial term on home confinement.[1] Dkt. 53. For the reasons explained below, his motion is **DENIED**.

**I.    Background**

On April 17, 2017, Mr. Banks pled guilty to one count of distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 851. Dkt. 39. The Court sentenced Mr. Banks to 71 months of imprisonment, followed by 6 years of supervised release. Dkts. 39, 42.

---

[1] Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Banks's sentence to be served on home confinement. *See United States v. Saunders*, __ F.3d __, No. 20-2486, 2021 WL 420317, at *2 (7th Cir. Feb. 8, 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020).

Mr. Banks is 41 years old. He is currently incarcerated at FCI Bastrop in Bastrop, Texas. As of February 18, 2021, the Bureau of Prisons ("BOP") reports that 2 inmates and 36 staff members at FCI Bastrop have active cases of COVID-19; it also reports that 460 inmates at FCI Bastrop have recovered from COVID-19 and that 1 inmate at FCI Bastrop has died from the virus. https://www.bop.gov/coronavirus/ (last visited Feb. 18, 2021). Mr. Banks was arrested on May 11, 2016 and has remained in custody since that time. Dkts. 8, 9, 11, 12. The BOP gives his projected release date with good credit time as December 14, 2021.

On July 15, 2020, Mr. Banks filed a pro se motion for compassionate release and requested appointment of counsel. Dkt. 46. The Court granted his request and appointed counsel. Dkt. 49. Appointed counsel filed an amended motion for compassionate release and supporting memorandum, dkt. 53, the United States responded, dkt. 56, and Mr. Banks replied, dkt. 57. Thus, the motion is now ripe for decision.

**II.   Discussion**

Mr. Banks seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkts. 46, 53. Specifically, he contends that his underlying medical conditions (Type 1 diabetes mellitus, obesity, cellulitis, seasonal asthma and being a former smoker), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In response, the United States argues that Mr. Banks remains a danger to the community if released and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. Dkt. 56.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence

3

upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied

---

[2] Mr. Banks submitted his request for a reduction in sentence to the warden on May 6, 2020, dkt. 53-3, and it does not appear that the warden responded. More than 30 days elapsed before he filed his motion for compassionate release. The United States does not argue that Mr. Banks failed to exhaust his administrative remedies.

and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id*. Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Banks does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the

6

Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[3]

Mr. Banks claims that extraordinary and compelling reasons warrant a sentence reduction in this case because he has various conditions (including obesity and being a former smoker) that increase his risk of experiencing severe COVID-19 symptoms. Dkt. 53. The United States concedes that Mr. Banks has shown extraordinary and compelling reasons potentially warranting a sentence reduction based on his medical conditions and corresponding risk of experiencing severe COVID-19 symptoms, Dkt. 56 at 3, so the Court assumes without deciding that's the case.

This does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Banks's compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Banks's motion.

---

[3] Mr. Banks made an administrative request for relief to his warden, but it does not appear that the warden ever responded or took a position as to whether extraordinary and compelling reasons exist in this case. Dkt. 53-3. As a result, there is no opinion from the BOP to which the Court must give weight.

7

Here, Mr. Banks suffers from at least one medical condition that increases his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 4, 2021) (identifying obesity and being a former smoker as conditions that increase the risk of severe COVID-19 symptoms). While FCI Bastrop experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (accessed on Feb. 1, 2021 and Feb. 4, 2021 and noting a drop from 13 to 5 active inmate cases and no new staff cases). The BOP has also actively begun vaccinating inmates against COVID-19, *see* https://www.bop.gov/coronavirus/ (last visited Feb. 18, 2021), and anticipates that all its facilities will have received initial doses for distribution by mid-February. *See* https://www.bop.gov/resources/news/pdfs/20210115_press_release_vaccination.pdf (last visited Feb. 4, 2021). That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Banks faces from COVID-19 and has given it appropriate weight as a characteristic of Mr. Banks in its consideration of the § 3553(a) factors.

Mr. Banks pled guilty to distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 851. Dkt. 39. According to the factual stipulation supporting his guilty plea, Mr. Banks sold just under 50 grams of heroin to a confidential informant on three separate occasions in 2016. Dkt. 30 at 6. The Court sentenced Mr. Banks to 71 months of imprisonment in April 2017. Taking into consideration good time credit, Mr. Banks has now served approximately 85% of his sentence. During his imprisonment, Mr. Banks has had three disciplinary infractions, none of which involved any violence. Dkt. 53-8. Mr. Banks is participating in several programs at the prison and has

already completed drug education; the BOP rated him a low risk of recidivism; and the BOP also assigned him a low security classification. Dkt. 53-9. All of these factors weigh in his favor under the Court's § 3553(a) analysis.

Weighing against him, Mr. Banks has an extensive criminal history that began in 1999 and 2001 with handgun and marijuana misdemeanors, respectively. Dkt. 34. Mr. Banks also has multiple prior felony convictions, including: (1) possession of marijuana in 2001; (2) possession of cocaine in 2003; (3) carrying a handgun without a license and possession of marijuana in 2003; (4) possession of marijuana in 2005; and (5) multiple convictions for dealing in cocaine in 2007. *Id.* Mr. Banks had his probation revoked for several of these offenses and was required to serve additional time in jail. *Id.* Finally, at the time he committed the underlying offense in this matter, he was being supervised on electronic monitoring for the 2007 dealing in cocaine convictions. *Id.*

Considering Mr. Banks's lengthy criminal history, the Court finds that releasing him early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. The Court is sympathetic to the risks Mr. Banks faces from COVID-19 but those risks, when balanced against the § 3553(a) factors, do not warrant releasing him from incarceration at this time. *See United States v. Saunders*, __ F.3d __, No. 20-2486, 2021 WL 420317, at *2 (7th Cir. Feb. 8, 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors

outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III. Conclusion

For the reasons stated above, Mr. Banks's motion for compassionate release, dkt. [46], is **denied**.

**SO ORDERED.**

Date: 2/18/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel